UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAIN LECONTE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:14-cv-01492-VLB |
| RAQUEL LIGHTNER, ERIN NOLIN, | : | |
| LISA CANDELARIO, LEAH PANELLA, | : | |
| and OMPRAKASH PILLAI, | : | |
| Defendants. | : | July 8, 2015 |

## INITIAL REVIEW ORDER

Alain Leconte, a male prisoner at Connecticut's McDougall Correctional Institution ("McDougall"), brings a civil rights action against prison employees. For the reasons stated below, the Court rules that Leconte's complaint fails to state a claim upon which relief may be granted.  However, in recognition that amendment may cure the defects noted below, the Court grants Leconte leave to file an amended complaint on or before September 3, 2015.  The case will be dismissed unless an amended complaint is timely filed and cures the below-noted defects.

## Background

Pursuant to 42 U.S.C. § 1983, Leconte brings claims against five Department of Corrections employees at McDougall, Health Services Administrator Raquel Lightner, Nurse Erin Nolin, Grievance Coordinator Lisa Candelario, Nurse Practioner Leah Panella, and Medical Doctor Omprakash Pillai (collectively, "Defendants"), alleging that they were deliberately indifferent to his serious physical and mental health needs and his personal safety.  ECF, doc. 1 at

1-3, 6.  He alleged as follows.  In January 2010, the "Mental Health Department" gave him Risperdal.  *Id.* at 6.  "In a relatively short period of time," he began noticing changes in his behavior and speech and began growing breasts.  *Id.*  The "nursing staff" as well as "Mental Health staff" ignored his complaints about these side effects.  *Id.*; *see also* ECF, doc. 1-1.  Inmates and "staff" have teased Leconte about his breasts, and another inmate asked Leconte whether he was gay and whether he was transitioning.  ECF, doc. 1 at 6.  These comments exacerbated Leconte's mental condition by making him angry, uncomfortable, and tearful.  *Id.*  A Walker Correctional Institution staff member gave Leconte a list of Risperdal's side effects, but growing breasts was not one of the listed side effects.  *Id.*  "Staff" must have been aware of the side effects because this information appeared on television, there was a pending class action lawsuit against the company producing Risperdal, and inmates frequently complained about Risperdal's side effects.  *Id.*  "Staff" nonetheless failed to warn Leconte about the side effects and continued to dispense the drug.  *Id.*

## Discussion

This Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Upon review, this Court must dismiss the complaint, or any portion thereof, if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  However, "[a] *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted). An amended complaint is rightfully dismissed when it fails to cure the defects noted in an initial review order. *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal without leave to amend of pro se complaint for failure to state a claim because plaintiff did not fix defects noted in initial dismissal order granting leave to amend).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a complaint for facial plausibility, a district court must "accept[ ] all factual allegations as true and draw[ ] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). Courts should read a pro se complaint with "special solicitude" and interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

The Eighth Amendment prohibits a prison official from acting with "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The test applies whether the risk of harm relates to an inmate's medical condition or the conditions of confinement. *Wilson v. Seiter,* 501 U.S. 294, 303–04 (1991). Deliberate indifference has two

3

components: the first of which is objective and the second of which is subjective. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

The objective component requires that the risk of harm be "sufficiently serious," *id.*, and is evaluated according to "contemporary standards of decency," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A risk of sufficiently serious harm is sufficient: "one does not have to await the consummation of threatened injury to obtain preventative relief."  *Farmer*, 511 U.S. at 845 (quoting *Pennsylvania v. West Virginia,* 262 U.S. 553, *593* (1923)) (alteration omitted).   An inmate's medical need is sufficiently serious where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).  An inmate's conditions of confinement present a sufficiently serious risk of harm when those conditions fail to ensure "reasonable safety."  *Helling v. McKinney*, 509 U.S. 25, 33 (1993).  A prisoner is not reasonably safe if, as a result of personal characteristics or past threats, he is likely to be a victim of physical or sexual assault.  *See*, *e.g., Farmer*, 511 U.S. 825 (nonviolent, young, feminine-appearing transgender prisoner in general population of high-security prison); *Henricks v. Coughlin*, 942 F.2d 109, 110–111 (2d Cir. 1991) (inmate intimidated by other inmates and sought protection from prison officials saying he was concerned about his safety); *Cortes–Quinones v. Jimenez–Nettleship,* 842 F.2d, at 556, 599–60 (1st Cir. 1988) (transfer of mentally ill inmate to overcrowded general population with no psychiatric services).

In this case, Leconte has pleaded sufficient facts to allow the Court to

reasonably infer that he suffered from a serious medical need: he has alleged that he grew breasts as a side effect of medication prescribed by prison officials and that his breasts drew salacious comments from other inmates and ridicule from prison staff.  The side effects not only jeopardize his physical health but also serve as the impetus for the comments by inmates and prison staff that jeopardize his mental health.  Leconte has also pleaded sufficient facts to allow the Court to reasonably infer that he was not reasonably safe: the salacious attention of other inmates places him at heightened risk of physical injury.  Accordingly, the Court finds that Leconte has sufficiently alleged the first component of the deliberate indifference test.

With respect to the subjective component, an official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  With respect to medical claims, "a mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703.  To be held liable, a defendant must have "personal involvement," i.e.:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (quotation marks and emphasis omitted).

5

Here, Leconte has not alleged facts from which the Court could reasonably infer that any particular defendant acted with deliberate indifference: Leconte does not say what Defendants did (or failed to do), when and for how long they did it (or failed to do it), or provide facts to allow the Court to reasonably infer what they knew (or must have known) when they did it.[1]  Without this information, the Court cannot reasonably infer that any defendant could be liable for the alleged Eighth Amendment claims.  However, Leconte could state a viable Eighth Amendment claims if he provides this information.  He is therefore granted leave to amend to do so on or before September 3, 2015.

### Conclusion

After performing an initial screening review pursuant to 28 U.S.C. § 1915A, this Court has determined that Leconte's complaint has failed to state a claim on which relief may be granted but that amendment may cure the above-noted defects.  Accordingly, it is hereby ORDERED that:

(1)     Leconte must file an amended complaint on or before September 3, 2015.  Failure to file an amended complaint on or before that date will result in the dismissal of the entire action.

(2)      The Clerk of Court shall verify the current work address of

---

[1] Leconte does provide facts to allow the Court to reasonably infer that Risperdal's side effects may *now* be obvious: he references televisions ads, an ongoing class action, and frequent complaints from inmates.  ECF, doc. 1 at 6.  But such allegations are insufficient because Leconte provides no facts to allow the Court to reasonably infer that the side effects were obvious to Defendants *at the time they acted or failed to act* or that it would have been obvious to them *at the time they acted or failed to act* that those side effects presented a serious risk to his health or safety.

Defendants Raquel Lightner, Erin Nolin, Lisa Candelario, Leah Panella, and Omprakash Pillai with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to them at the confirmed addresses on or before July 29, 2015.  The Clerk of Court shall report to the Court on the status of the waiver requests on the thirty-fifth (35) day after mailing.  If Defendants fail to return the waiver requests, the Clerk of Court shall make arrangements for in-person service by the U.S. Marshals Service on Defendants in their individual capacity and Defendants shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)    The Clerk of Court shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of this order and the complaint on Defendants Raquel Lightner, Erin Nolin, Lisa Candelario, Leah Panella, and Dr. Omprakash Pillai in their official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, on or before July 29, 2015 and to file return of service on or before August 7, 2015.

(4)    The Clerk of Court shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)    Defendants shall respond to an amended complaint, either an answer or motion to dismiss, within 30 days from the date of the filing of that complaint.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may

7

include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of the amended complaint.  Discovery requests need not be filed with the Court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of the filing of the amended complaint.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If Leconte changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case.  Leconte must give notice of a new address even though he is incarcerated.  Leconte should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Leconte has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  Leconte should also notify Defendants or their attorney of his new address.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut, July 8, 2015.